Robert S. Green
(State Bar No. 136183)
Emrah M. Sumer
(State Bar No. 329181)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Ste. 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

William B. Federman*
Oklahoma Bar No. 2853
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: wbf@federmanlaw.com

Daniel P. Markoff*
Oklahoma Bar No. 14886
**ATKINS MARKOFF ADLER LAW FIRM**
9211 Lake Hefner Parkway, Ste. 104
Oklahoma City, Oklahoma 73120
Telephone: (405) 607-8757
Facsimile: (405) 607-8749

*Pro Hac Vice* application to be submitted
*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. BEYCHOK, JUSTIN WUNDERLER, MICHAEL MEEGAN, and KEITH MAUER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT A. BAFFERT, BOB BAFFERT RACING STABLES, INC., and ZEDAN RACING STABLES, INC., <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Michael E. Beychok, Justin Wunderler, Michael Meegan, and Keith Mauer, on behalf of themselves and all other similarly situated individuals, and through their undersigned counsel, bring this Class Action Lawsuit (the "Complaint") against Defendants Robert A. Baffert, Bob Baffert Racing Stables, Inc. (collectively, "Baffert" or the "Baffert Defendants"), and Zedan Racing Stables, Inc. ("Zedan Racing") (collectively "Defendants") and, based upon personal knowledge and the investigation of counsel, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this Complaint on behalf of themselves and the "Class" (defined below) against Defendant Baffert for violations of (i) the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)-(d) ("RICO"); and (ii) the California Control of Profits of Organized Crime Act, Cal. Penal Code § 186 ("CCPOCA"); and against Defendants Baffert and Zedan Racing for state common law and equitable fraud.

2.      Specifically, as detailed more fully herein, Baffert participated in the operation of the affairs of one or more "association-in-fact" enterprises, described more fully below, and conspired to do so, through a RICO pattern of racketeering activity.

3.      As described herein, Baffert's multiple and repeated acts of doping and entering horses into thoroughbred races, including the Kentucky Derby, constituted racketeering activity as defined in 18 U.S.C. § 1961(1)(A), 18 U.S.C. § 1961(1)(B), and Cal. Penal Code § 186 in that he (1) engaged in illegal gambling, which is chargeable under Cal. Penal Code § 186(a)(8); and (2) violated U.S.C. § 1952(a)(3) by traveling in interstate commerce and using a facility in interstate and foreign commerce – that is, the simulcast broadcasting by wire and television of the Kentucky Derby and other races – to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any

unlawful activity, including in violation of the laws of California, by engaging in illegal gambling chargeable under Cal. Penal Code § 186(a)(8).

4.     Specifically, Baffert's multiple and repeated acts of illegally doping and entering horses into thoroughbred races in the State of California and elsewhere constituted a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) and Cal. Penal Code § 186 as he has committed at least two incidents of criminal profiteering within a ten-year period which are related and, as a result of his continued involvement in thoroughbred racing, pose a threat of continuing criminal activity extending indefinitely into the future.

5.     Plaintiffs' claims also involve conspiracies between Baffert and other owners and or trainers to commit the above-described acts to engage in illegal gambling and/or horse doping through a pattern of racketeering activity.

6.     For example, on May 1, 2021, Defendants entered a doped horse, Medina Spirit, into the 147th running of The Kentucky Derby at Churchill Downs in Louisville, Kentucky and won $1,860,000.00 as part of a horse-doping scheme in thoroughbred racing.

7.     The Baffert Defendants' unlawful conduct directly injured Plaintiffs in their business and property. Specifically, on May 1, 2021, Plaintiffs bet upon the horse that finished in second place behind the drugged horse, Medina Spirit, at the Kentucky Derby at Churchill Downs on May 1, 2021.

8.     Plaintiff, Michael E. Beychok's ("Plaintiff Beychok"), betting tickets cost $966.00, and would have provided a minimum potential payoff of at least $10,000.00 - $100,000.00. Plaintiff Beychok's wagers would have won, but for the illegal, drug-induced win by Medina Spirit. Thus, Plaintiff Beychok is entitled to bring a civil action against Defendants.

9.     Plaintiff Justin Wunderler's ("Plaintiff Wunderler") betting tickets cost roughly $2,000.00 and would have provided a minimum potential payoff of at least $40,000. Plaintiff Wunderler's wagers would have won, but for the illegal,

drug-induced win by Medina Spirit. Thus, Plaintiff Wunderler is entitled to bring a civil action against Defendants.

10.     Plaintiff Michael Meegan's ("Plaintiff Meegan") betting tickets cost roughly $140.00 and would have provided a minimum potential payoff of at least $4,000.  Plaintiff Meegan's wagers would have won, but for the illegal, drug-induced win by Medina Spirit. Thus, Plaintiff Meegan is entitled to bring a civil action against Defendants.

11.     Plaintiff Keith Mauer's ("Plaintiff Mauer") betting tickets cost roughly $5 and would have provided a minimum potential payoff in excess of $100. Plaintiff Mauer's wagers would have won, but for the illegal, drug-induced win by Medina Spirit. Thus, Plaintiff Mauer is entitled to bring a civil action against Defendants.

12.     The Baffert Defendants and Defendant Zedan Racing further engaged in common  law and equitable fraud in that Defendants misrepresented to bettors that they (1) entered a horse  that complied with the race track rules; (2) that the misrepresentation was material because pari-mutuel wagering cannot function without fairness and administering a banned substance to a  horse is antithetical to the spirit of fair competition; (3) Defendants knew or believed that their representation was false; (4) Defendants intended that bettors such as Plaintiffs would rely on  their misrepresentation to induce them to make wagers, as a track's purse structure comes  directly from the total amount that is bet by the public; (5) Plaintiffs and the Class relied on these misrepresentations; and (6) Plaintiffs and the Class were damaged by Defendants' misrepresentations through the loss of their bets and winnings.

## PARTIES AND OTHER PARTICIPANTS

13.     Plaintiff Michael Beychok resides in Baton Rouge, Louisiana and is a part-time, pari-mutuel thoroughbred racing bettor.

//

14.     Plaintiff Justin Wunderler resides in Waretown, New Jersey and is a part-time, pari-mutuel thoroughbred racing bettor.

15.     Plaintiff Michael Meegan resides in New York City, New York and is a part-time, pari-mutuel thoroughbred racing bettor.

16.     Plaintiff Keith Mauer resides in Roseville, California and is a part-time, pari-mutuel thoroughbred racing bettor.

17.     Upon information and belief, Defendant Robert A. Baffert resides and conducts much of his business, Defendant Bob Baffert Racing Stables, Inc., in or around Los Angeles County, California and is a licensed  horse trainer of horses, including Medina Spirit, and was the trainer of Medina Spirit during the race in question.

18.     Defendant Zedan Racing Stables, Inc. is based in Lexington, Kentucky, with its racing operations based in Los Angeles, California. Zedan Racing was the owner of Medina Spirit during the race in question.

## JURISDICTION AND VENUE

19.     Plaintiffs, individually and on behalf of the Class, assert claims against Defendants Robert Baffert and Bob Baffert Racing Stables, Inc. that are founded upon federal questions subject matter jurisdiction under 28 U.S.C. § 1331, in regard to the Racketeer Influenced and Corrupt Organizations Act,18 U.S.C. § 1962 ("RICO").

20.     Venue for the Civil RICO claims is appropriate in this Court because Defendants Robert Baffert and Bob Baffert Racing Stables, Inc. reside and transact their affairs and conduct business in the State of California and, specifically, through this District.

21.     Plaintiffs, individually and on behalf of the Class, also assert common law fraud and equitable fraud claims against all Defendants. As set forth above, 28 U.S.C. § 1331 vests this Court with original subject matter jurisdiction. Venue is also proper for these claims in this Court because Defendants reside and

1  transact their affairs and conduct business in the State of California and,
2  specifically, through this District.

3      22.     This Court also has diversity jurisdiction over this action under the
4  Class Action Fairness Act, 28 U.S.C. § 1332(d) because this is a class action
5  involving more than 100 class members, the amount in controversy exceeds $5
6  million, exclusive of interest and costs, and Plaintiffs and Class Members are
7  citizens of states that differ from Defendants.

8                                  **FACTS**

9  **I.    THE WORLD OF PARI-MUTUEL BETTING AND
10          THOROUGHBRED RACING**

11     23.     Pari-mutuel betting is a system used in gambling on events, like
12 thoroughbred racing, in  which participants finish in a ranked order. All bets of a
13 particular type are placed together in a  pool and payoff odds are calculated by
14 sharing the pool among all winning bets after taxes and  the "house-take" are
15 removed. The payoff is determined by the pool size minus the "take," and  then
16 divided by the number of winning tickets.

17     24.     Transmitting, re-transmitting, receiving, and rebroadcasting
18 thoroughbred racing  occurring live at an in-state location to one or more out-of-
19 state locations by television or radio,  through satellite or other electrical or
20 electronic means, or receiving at an in-state location events which occur live at an
21 out-of-state location, known as simulcasting, allows bettors to place wages
22 without being physically present at the facilities where the race is occurring live.
23 Race  simulcasting also involves transmitting pari-mutuel wagering information to
24 a central website, so   that all bettors, even those in different locations, may
25 participate in the same betting pool.

26     25.     Live thoroughbred races occur at various venues within the United
27 States of America,  including at Churchill Downs, one of the world's most
28 prestigious and legendary racetracks. Churchill Downs is located in Louisville,

1  Kentucky. The Kentucky Derby is simulcast to other various locations via
2  television and through internet betting sites such as TwinSpires.com and other
3  wagering companies based in California and other states.

4      26.    Bettors and members of the public expect that horses will give their
5  best effort in every race and that all horses entered in every race will not be racing
6  under the influence of a drug or foreign substance that has been administered
7  in violation of racing rules and regulations.

8      27.    Individuals who are trainers of thoroughbred racing horses in the
9  State of California are required to be licensed under and follow California State
10  laws, rules, and regulations.

11      28.    Furthermore, all competitors at Churchill Downs must comply with
12  Churchill Downs racetrack rules and regulations (the "Racetrack Rules"). The
13  Racetrack Rules are strictly against the entry or participation of a horse in any race
14  while carrying drugs or other banned substances in its body. By entering to
15  compete, the applicants represent that they have abided by the Racetrack Rules.

16      29.    Bettors, including Plaintiffs and Class Members, rely on participants'
17  representation that they comport with these laws, regulations, and rules in order
18  to properly determine which horses to bet on.

19      30.    Defendants and other owners and trainers intend that bettors rely on
20  these representations in order to encourage wagering in racing, thereby
21  increasing the purse total.

22  **II.    DEFENDANTS VIOLATED THE APPLICABLE CALIFORNIA**
   **LAW AND RACING RULES, RESULTING IN PLAINTIFFS' AND**
23  **CLASS MEMBERS' DAMAGES**

24      31.    Plaintiffs make an effort to conduct in-depth research prior to
25  selecting horses upon which to place their bets. This research is based upon
26  public information provided to them, some of which is provided by trainers such as

27

28

the Baffert Defendants,[1] and upon the understanding that horse doping is banned in the sport of thoroughbred racing. For this reason, Defendants' misrepresentation that they were in compliance with laws, regulations, and Racetrack Rules on race day are material.

32. On May 1, 2021, Plaintiffs placed their bets for the 147th running of the Kentucky Derby at Churchill Downs based upon their research and upon Defendants' material misrepresentation that they were in compliance with the laws, regulations, and Racetrack Rules governing the Kentucky Derby.

33. Medina Spirit won the race, contrary to what Plaintiffs' analysis and observations of the horse's previous racing form and analysis of the race suggested would be the result. Consequently, the other horses on which Plaintiffs placed their bets finished second, third, fourth, and fifth, instead of first, second, third, and fourth.

34. Following Medina Spirit's victory on May 1, testing from post-race blood samples revealed that Medina Spirit had been doped with a performance-enhancing substance, betamethasone, indicating a violation of the Commonwealth of Kentucky's equine medication protocols. As a result, Baffert was suspended indefinitely by Churchill Downs, however, Plaintiffs' pari-mutuel wagers were not altered. Further, assuming Medina Spirit is eventually disqualified by the Churchill Downs Stewards and placed last, the prize money for the race will be redistributed with the 2nd place finisher receiving the 1st place prize money, the 3rd place finisher receiving the 2nd place prize money, etc., However, the bettors of the race, including Plaintiffs, will not receive the payoffs they would have been entitled to, but for the illegal participation of Medina Spirit.

---

[1] This public information includes, but is not limited to, press conferences, interviews, the recording and dissemination of workouts, and reports on the general condition of the horse.

35.     Upon information and belief, all Defendants knew or should have known that betamethasone had been administered to Medina Spirit since the horse was stabled at Zedan Racing and was under Defendants' control, and since Defendant Robert Baffert himself admitted that Medina Spirit's positive test "may have been the result of exposure from an ointment that was applied to the colt for dermatitis."[2]

36.     While betamethasone is a Class C drug that is allowed in Kentucky as a therapeutic, state rules require at least a 14-day withdrawal time before racing, and any level of detection on race day is a violation.[3]

37.     If Medina Spirit had been properly prohibited from competing as a result of the failure to meet this 14-day withdrawal requirement, Plaintiffs and Class Members would have won for the following types of bets: (1) win (bettor picks the horse that wins); (2) place (bettor picks the horse that finishes either first or second); (3) show (bettor picks the horse that finishes first, second, or third); (4) exacta (bettor picks the two horses that finish first and second, in the exact order); (5) trifecta (bettor picks the three horses that finish first, second, and third, in the exact order); (6) superfecta (bettor picks the four horses that finish first, second, third, and fourth, in the exact order); (7) pick-3, pick-4, or pick-5 wagers; and (8) pick-6 pools (bettors who correctly selected Mandaloun, the 28-1 long shot who, following Medina Spirit's disqualification, would be the Derby winner in their pick-6 wagers).

38.     But for the illegal entrance of Medina Spirit into the race, Plaintiff Beychok would not have lost the $966.00 invested in the race and would have instead won in excess of $10,000.00.

---

[2] *See* https://www.bloodhorse.com/horse-racing/articles/250061/baffert-ointment-could-have-caused-derby-drug-positive (last accessed May 11, 2021).
[3] *Id.*

39.     But for the illegal entrance of Medina Spirit into the race, Plaintiff Wunderler would not have lost the roughly $2,000 invested in the race and would have instead won in excess of $10,000.00.

40.     But for the illegal entrance of Medina Spirit into the race, Plaintiff Meegan would not have lost $140 invested in the race and would have instead won in excess of $4,000.00.

41.     But for the illegal entrance of Medina Spirit into the race, Plaintiff Mauer would not have lost the $5 invested in the race and would have instead won in excess of $100.

## III.    THE RICO ENTERPRISES

### A.     The Bob Baffert and Bob Baffert Racing Stables, Inc. Enterprises

42.     Defendant Bob Baffert Racing Stables, Inc. is an "enterprise" within the meaning of 18 U.S.C. 1961(4).

43.     Defendant Robert Baffert, as an individual, is also an "enterprise" within the meaning of 18 U.S.C. 1961(4).

44.     At all relevant times, the Baffert Defendants have been, and continue to be, engaged in activities affecting interstate commerce, namely, through training horses racing at various tracks around the country, through entering horses into competition in various states, including racetracks in California and Kentucky, through race simulcasting and the rebroadcasting by television or radio of thoroughbred races occurring live at Churchill Downs and other racetracks to one or more out-of-state locations, and through advertisement of their activities via the Bob Baffert Racing Stables, Inc. website.[4]

45.     As part of their business model, the Baffert Defendants train horses owned by other parties, such as Zedan Racing, in order to obtain a portion of the profits from horse winnings, including casino revenues when applicable. To

---

[4] See http://www.bobbaffert.com/ (last accessed May 11, 2021).

accomplish this purpose, the Baffert Defendants have been known to have used betamethasone and other similar performance-enhancing drugs to enhance the performance of their trained horses and alter the results of publicly held horse racing contests in their trained horses' favor.

46.     Upon information and belief, Bob Baffert Racing Stables, Inc. has operated as a continuing unit for many years, demonstrating sufficient longevity to permit those associated with the enterprise to pursue the enterprise's purpose. The Baffert Defendants have continued in operation, despite several doping violations.

47.     As owner of Bob Baffert Racing Stables, Inc. and trainer, Defendant Robert Baffert profits by the performance of any horse he enters in a race that finishes in first, second, third place, or any place that pays in that particular race.

**B.     The Zedan Racing Stables, Inc. Enterprise**

48.     Defendant Zedan Racing Stables, Inc. is an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

49.     Upon information and belief, Defendant Zedan Racing is the owner of several thoroughbreds trained by Baffert, including Medina Spirit. As owner of the thoroughbreds, Zedan Racing conducts, manages, and controls the affairs of the enterprise.

50.     Zedan Racing has been and continues to be engaged in activities affecting interstate commerce, namely, racing at various tracks around the country, through entering horses into competition in various states, including racetracks in California and Kentucky, and through race simulcasting and the rebroadcasting by television or radio of thoroughbred races occurring live at Churchill Downs and other racetracks to one or more out-of-state locations.

51.     As the owner of the horses, including Medina Spirit, Zedan Racing profits by the performance of any Zedan Racing horse that is entered in a race and finishes in first, second, third place, or any place that pays in that particular race.

**C.      The Zedan-Baffert Enterprise**

52.      At all relevant times, there has been and continues to be an "association-in-fact" enterprise within the meaning of 18 U.S.C. § 1961(4) consisting of Defendant Zedan Racing Stables, Inc., Defendant Robert Baffert, and Defendant Bob Baffert Racing Stables, Inc. (the "Zedan-Baffert Enterprise").

53.      Zedan Racing, at all times material hereto, served as the owner of the horses. Defendants Robert Baffert and Baffert Racing Stables, Inc., at all times material hereto, trained the horses.

54.      At all relevant times, the Zedan-Baffert Enterprise has been, and continues to be engaged in activities affecting interstate commerce, namely, racing at various tracks around the country and through entering horses into competition in various states, including racetracks in California and Kentucky, through race simulcasting and the rebroadcasting by television or radio of thoroughbred races occurring live at Churchill Downs and other racetracks.

55.      The Zedan-Baffert Enterprise is separate and distinct from the members themselves.

56.      Defendants Baffert and Zedan Racing are each associated together for the common purpose of raising, training, and racing horses in order to win thoroughbred races, like the Kentucky Derby at issue here.

57.      The Zedan-Baffert Enterprise has operated as a continuing unit since at least early 2020 and continues, to this day, demonstrating longevity to permit those associated with the enterprise to pursue the enterprise's purpose, as the partnership is ongoing and has continued, despite Baffert's past of horse-doping violations.

58.      Each member of the Zedan-Baffert Enterprise performs a role in the group consistent with its organizational structure. For example, Zedan Racing conducts the affairs of the Zedan-Baffert enterprise by purchasing thoroughbred race horses at auction or through other means and placing them in the care of

Baffert Racing Stables, Inc., while Baffert manages and controls the training of Zedan Racing's horses.

## IV.   BAFFERT'S PATTERN OF RACKETEERING ACTIVITY

### A.   Federal Statutory Violations

59.   The Baffert Defendants' multiple and repeated acts of doping horses competing in thoroughbred races in the states across the country, as more fully set forth on the attached **Exhibit 1**, constitute a pattern of racketeering activity as defined in 18 U.S.C. § 1961(i), (1)(A), and (1)(B).

60.   The racketeering activity includes violations of the Travel Act, 18 U.S.C. § 1952(a)(3), through horse doping in pari-mutuel sports betting. Defendants have traveled and used a facility in interstate and foreign commerce – that is, the simulcast broadcasting by wire and television of races at Churchill Downs and other racetracks – to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any unlawful activity, including in violation of the laws of California, by engaging in illegal gambling chargeable under Cal. Penal Code § 186(a)(8).

### B.   Relatedness

61.   The Baffert Defendants' acts are not isolated events; rather they are a pattern of events related to each other in that they have similar purposes, participants, methods of commission, and other distinguishing characteristics. Relatedness is also established by the fact that all acts were done for the purpose of winning thoroughbred races, including but not limited to the Kentucky Derby.

62.   For example, in January 2021, the California Horse Racing Board voted to let eventual 2018 Triple Crown winner and Baffert-trained horse, Justify, keep his Santa Anita Derby victory, *despite the detection of scopolamine in*

*postrace samples Justify*. The positive tests were revealed in a New York Times story in September 2019.[5]

63.    On October 20, 2020, a Baffert-trained horse was disqualified from third to last in the Kentucky Oaks, which was held on September 4, 2020, after testing positive with *twenty-seven (27) picograms of betamethasone*. Baffert did not appeal and was fined $1,500.[6]

64.    On July 25, 2020, another Baffert-trained horse finished second in a race at Del Mar in California *then tested positive after the race for the medication, dextromethorphan*. Baffert was fined $2,500 for the violation on November 30, 2020.[7]

65.    In May 2020, two Baffert-trained horses tested positive for the painkiller lidocaine after victories at Oaklawn Park. Tests revealed 185 picograms in one horse, and 46 in the other. Arkansas stewards initially fined and suspended Baffert fifteen (15) days for the violation. His appeal was heard, and the suspension was lifted, with fines reduced to $5,000 per horse.[8]

66.    On August 3, 2019, a Baffert-trained horse that finished fourth in a race at Del Mar tested positive for phenylbutazone. Baffert was fined $1,500 for violation of the California Horse Racing Board rules. Baffert had been fined $5,000 just a week earlier for the same violation with another horse.

67.    These and many other confirmed acts of horse doping by the Baffert Defendants in recent years and throughout his career were attempts to further their goal of collecting the winning purse from the events in which their trained horses compete. Although continually fined by stewards for medication violations,

---

[5] See https://apnews.com/article/ky-state-wire-bob-baffert-sports-360b419b7f6fde781c78899976e2be7c (last accessed May 11, 2020).
[6] *Id*.
[7] *Id*.
[8] *Id*.

the violations have continued, finally leading to a violation in the most important horse race in America, the 147th running of the Kentucky Derby.

68.     Moreover, in a further pattern of deceit, Defendant Robert Baffert released the following statement to the press on November 4, 2020, just two days before one of the biggest racing events of the year, the Breeder's Cup:

> "2020 has been a difficult year for everyone. It has been no exception for my family, my barn, and me. I am very aware of the several incidents this year concerning my horses and the impact it has had on my family, horse racing, and me. I want to have a positive influence on the sport of horse racing. Horses have been my life and I owe everything to them and the tremendous sport in which I have been so fortunate to be involved. We can always do better and that is my goal. Given what has transpired this year, I intend to do everything possible to ensure I receive no further medication complaints. As such, I want to announce that, beginning immediately, I plan to implement the following procedures in an effort to make my barn one of the leaders in best practices and rule compliance:
>
> 1.  I am retaining Dr. Michael Hore of the Hagyard Equine Medical Institute to add an additional layer of protection to ensure the well-being of horses in my care and rule compliance.
> 2.  I am increasing the training and awareness of all my employees when it comes to proper protocols.
> 3.  I am personally increasing my oversight and commitment to running a tight ship and being careful that protective measures are in place.
>
> I want to raise the bar and set the standard for equine safety and rule compliance going forward. For those of you that have been upset over the incidents of this past year, I share in your disappointment. I humbly vow to do everything within my power to do better. I want my legacy to be one of making every effort to do right by the horse and the sport."[9]

---

[9] *See* [Baffert Issues Statement on Medication Issues (thoroughbreddailynews.com)](thoroughbreddailynews.com) (last accessed May 13, 2021).

class action complaint

69.     Bettors were asked to assume that the Baffert Defendants had cleaned up their act and would be taking every step possible to ensure the horses in their care would no longer be administered illegal drugs prior to racing. Bettors, including Plaintiffs and the Class, relied on these assurances from the Baffert Defendants.

70.     On May 12, 2021, Defendant Robert Baffert's attorney, Craig Robertson, stated the following on the previously represented hiring of Dr. Michael Hore:

> "There were initial discussions and plan to begin the process of it materializing … They did not materialize as expected due to COVID, but I've had conversations with Dr. Hore the last couple days about that very subject and discussing about getting that back on track."[10]

71.     Thus, once again, bettors (including Plaintiffs and the Class) were misled to place wagers under misleading circumstances, as the Baffert Defendants knowingly provided false information to the public and manipulated the media in order to enhance their reputation. This misrepresentation comes at the detriment of the bettors who rely on public information when betting on races, as discussed *supra*.

**C.     Continuity**

72.     The Baffert Defendants' related pattern of racketeering acts and other violations have extended as far back as at least 1993, and have continued through the present, as shown in **Exhibit 1** and further highlighted in Section IV(b) above.

73.     Their excuses for the doping violations he has committed over the years have included the following:

a.     A bagel containing poppy seeds may have been placed in Defendant Robert Baffert's barn;

---

[10] Hore's Advisory Role for Baffert Did Not Materialize - BloodHorse (last accessed May 13, 2021).

b.  an employee wearing a "Salonpas" pain relief patch on his back may have transferred lidocaine from the patch to the horses when the employee applied their tongue ties; and

c.  a groom, who had been taking cough syrup, peed on hay in a horse stall and the horse then ate the hay and tested positive.

d.  the feed that Triple Crown winner, Justify, ate contained Jimson Weed, which was responsible for Justify's positive drug test for scopolamine after his victory in the Santa Anita Derby.

74.  These related predicate acts (and non-credible incredible excuses), constitute a pattern of racketeering activities affecting interstate commerce designed to harm multiple parties. There is no foreseeable endpoint to the Baffert Defendants' acts of racketeering against bettors like Plaintiffs and the Class, which qualify as a continued threat of long-term racketeering activity to future victims.

75.  The Baffert Defendants, despite having been banned from racetracks in the past for doping, continue to train horses and enter them into racing competitions to this day, including two horses in the 146th Preakness, to be run May 15th at Pimlico (one of which is Medina Spirit, who just tested positive in the Kentucky Derby).

## CLASS ACTION ALLEGATIONS

76.  Plaintiffs bring this action under Federal Rule of Civil Procedure 23 against Defendants individually and on behalf of all others similarly situated. Plaintiffs assert all claims on behalf of the Class, defined as follows:

**Nationwide Class**

> All Kentucky Derby bettors who would have won their bets and winnings had Medina Spirit been properly prohibited from competing in the Kentucky Derby on May 1, 2021 or competed without the aid of an illegal drug.

77.     Excluded from the Nationwide Class (also defined as "Class") are Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter, and members of their immediate families and judicial staff.

78.     Plaintiffs reserve the right to amend the above definitions or to propose alternative or additional subclasses in subsequent pleadings and motions for class certification.

79.     The members of the Class are referred to herein as "Class Members."

80.     Plaintiffs seek the certification of the Class under Rule 23 and RICO.

**A.     Class Certification is Appropriate**

81.     The proposed Class meets the requirements of Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3), and (c)(4).

82.     Numerosity: The proposed Class is believed to be so numerous that joinder of all members is impracticable.

83.     Typicality: Plaintiffs' claims are typical of the claims of the Class. Plaintiff and all members of the Class were injured through Defendants' uniform misconduct. The same event and conduct that gave rise to Plaintiffs' claims are identical to those that give rise to the claims of every other Class Member because Plaintiff and each member of the Class lost money as a result of Defendants' RICO violations and violations of common law.

84.     Adequacy: Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class that they seek to represent; Plaintiffs have retained counsel competent and highly experienced in consumer protection class action litigation; and Plaintiffs and Plaintiffs' counsel intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

85.     Superiority: A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiffs and the Class. The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of complex and expensive litigation. It would be very difficult, if not impossible, for members of the Class individually to effectively redress Defendants' wrongdoing. Even if Class Members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

86.     Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include:

a.      Whether Defendants engaged in the wrongful conduct alleged herein;

b.      Whether the Baffert Defendants engaged in RICO violations as alleged herein;

c.      Whether Defendants' conduct, as alleged herein, resulted in or was the proximate cause of the monetary losses suffered by Plaintiffs and the Class;

d.      Whether Plaintiffs and the Class suffered injury as a proximate result of Defendants' actions;

e.      Whether Plaintiffs and the Class are entitled to recover damages, equitable relief, and other relief;

f.      Whether Defendants' actions alleged herein constitute fraud;

g.      Whether Defendants' actions alleged herein constitute equitable fraud; and

h.      Whether Plaintiff and Class members are entitled to punitive damages.

### FIRST CAUSE OF ACTION

**Violations of the Federal RICO Act, 18 U.S.C. § 1962(c)**
**(On behalf of the Class against Defendants Robert Baffert and Bob Baffert Racing Stables, Inc.)**

87.     All paragraphs set forth above are incorporated by reference as if fully set forth herein.

88.     Plaintiffs and Class Members are persons "capable of holding a legal or beneficial interest in property" and thus, are "person[s]" within the meaning of 18 U.S.C. § 1961(3).

89.     The Baffert Defendants are also persons or entities "capable of holding a legal or beneficial interest in property" and thus, are a "person" and an "entity" within the meaning of 18 U.S.C. § 1961(3).

90.     Zedan Racing is an "enterprise" within the meaning of 18 U.S.C. § 1961(4) and 1962(c). Zedan Racing was engaged in activities affecting interstate commerce at all times relevant to this complaint.

91.     The Zedan-Baffert Enterprise is an "enterprise" within the meaning of 18 U.S.C. § 1961(4) and 1962(c). The Zedan-Baffert Enterprise was engaged in activities affecting interstate commerce at all times relevant to this complaint.

92.     The Baffert Defendants were associated with the enterprises of Zedan Racing and the Zedan-Baffert Enterprise and have conducted or participated, directly or indirectly, in the management and operation of the affairs of each through a pattern of racketeering activity under 18 U.S.C. §§ 1961(1) and 1961(5).

93.     The Baffert Defendants have conducted or participated, directly or indirectly, in the conduct of the enterprises through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c).

94.     The pattern of racketeering activity under 18 U.S.C. §§ 1961(1)(A) and (5) includes the multiple, repeated, and continuous acts of engaging in gambling chargeable under California law, which prohibits them from engaging in illegal gambling chargeable under Cal. Penal Code § 186(a)(8).

95.     The pattern of racketeering activity under 18 U.S.C. §§ 1961(1)(B), 1961(5), and 18 U.S.C. § 1952(a)(3) also includes traveling in interstate commerce and using a facility in interstate and foreign commerce – that is, the simulcast broadcasting by wire and television of races at Churchill Downs and other tracks – to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any unlawful activity, including in violation of the laws of California, by engaging in illegal gambling chargeable under Cal. Penal Code § 186(a)(8).

96.     As a direct result of the Baffert Defendants' violations of 18 U.S.C. §§ 1962(c), Plaintiffs and the Class have suffered substantial injury to their business or property within the meaning of 18 U.S.C. §§ 1964(c), including damages in the amounts alleged in the Complaint and to be further determined at trial. Plaintiffs and the Class are "persons" under 18 U.S.C. § 1962 and may sue therefore in this Court and "recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee," pursuant to 18 U.S.C. § 1964(c).

## SECOND CAUSE OF ACTION

**Violations of 18 U.S.C. § 1962(d) by Conspiring to Violate 18 U.S.C. 1962(c) (On behalf of the Class against Defendants Robert Baffert and Bob Baffert Racing Stables, Inc.)**

97.     All paragraphs set forth above are incorporated by reference as if fully set forth herein.

98.     Plaintiffs and Class Members are persons "capable of holding a legal or beneficial interest in property" and thus, are "person[s]" within the meaning of 18 U.S.C. § 1961(3).

99.     The Baffert Defendants are also "person[s]" or "entit[ies]" that are "capable of holding a legal or beneficial interest in property" and thus, are a person or entity within the meaning of 18 U.S.C. § 1961(3).

100.    The Baffert Defendants conspired with other individuals within the meaning of 18 U.S.C. § 1962(d) to violate 18 U.S.C. § 1962(c). Specifically, upon information and belief, the Baffert Defendants conspired together and with other individuals to conduct or participate, directly or indirectly, in the pattern of racketeering activity set forth in this Complaint.

101.    This act of conspiring to engage in the pattern of racketeering activity alleged herein, which falls under 18 U.S.C. §§ 1961(1)(A), 1961(1)(B), and 1961(5), includes the multiple, repeated, and continuous acts of engaging in illegal gambling, which is also chargeable under Cal. Penal Code § 186(a)(8).

102.    The pattern of racketeering activity under 18 U.S.C. §§ 1961(1)(B), (5), and 18 U.S.C. § 1952(a)(3) also includes traveling in interstate commerce and using a facility in interstate and foreign commerce – that is, the simulcast broadcasting by wire and television of races at Churchill Downs and other tracks – to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any unlawful activity, including in violation of the laws of California, by engaging in illegal gambling chargeable under Cal. Penal Code § 186(a)(8).

103.    As a direct result of the Baffert Defendants' violation of 18 U.S.C. § 1962(c), Plaintiffs and the Class have suffered substantial injury to their business or property within the meaning of 18 U.S.C. § 1964(c), including damages in the amounts alleged in the Complaint, to be further determined at trial. //

## **THIRD CAUSE OF ACTION**

### **Common Law Fraud**
### **(On behalf of the Class against all Defendants)**

104.   All paragraphs set forth above are incorporated by reference as if fully set forth herein.

105.   Defendants misrepresented to bettors that they entered a horse that complied with the Racetrack Rules, including and especially those regarding horse doping. The Baffert Defendants also misrepresented that they would be retaining Dr. Michael Hore prior to the race to ensure rule compliance.

106.   Defendants made these misrepresentation by virtue of, among other things, presenting Medina Spirit to race in the Kentucky Derby, as though they were compliant with Racetrack Rules.

107.   The Defendants' misrepresentation was material because pari-mutuel wagering cannot function without fairness and administering a banned substance to a horse is unethical and in contra to the spirit of fair competition.

108.   Upon information and belief, defendants knew or believed that their representation was false.

109.   Defendants intended that bettors such as Plaintiffs would rely on their misrepresentation to induce them to make wagers, as a track's purse structure and bet payouts come directly from the total amount bet by the public.

110.   Plaintiffs and Class Members relied on these misrepresentations when researching and selecting horses upon which to place their bets.

111.   Plaintiffs and Class Members were damaged due to Defendants' misrepresentations through the loss of their bets and winnings.

//

//

//

//

## FOURTH CAUSE OF ACTION

### Equitable Fraud
### (On behalf of the Class against all Defendants)

112.   All paragraphs set forth above are incorporated by reference as if fully set forth herein.

113.   Defendants misrepresented to bettors that they entered a horse that complied with  the Racetrack Rules, including and especially those regarding horse doping. The Baffert Defendants also misrepresented that they would be retaining Dr. Michael Hore prior to the race to ensure rule compliance.

114.   These misrepresentations were material because pari-mutuel wagering cannot function  without fairness, and administering a banned substance to a horse is antithetical to the spirit of  fair competition.

115.   Defendants intended that bettors such as Plaintiffs would rely on their misrepresentations to induce them to make wagers, as a track's purse structure comes directly  from the total amount bet by the public.

116.   Plaintiffs and Class Members relied on these misrepresentations when researching and selecting  horses upon which to place their bets.

117.   Plaintiffs and Class Members were damaged, due to Defendants' misrepresentations, through the loss of their bets and winnings.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court grant judgment against Defendants and in favor of Plaintiffs as follows:

    a.    certifying this action as a class action under Fed. R. Civ. P. 23, defining the Class as requested herein, appointing the undersigned as Class counsel, and finding that Plaintiffs are proper representatives of the Class requested herein;

    b.    awarding damages in favor of Plaintiffs and the Class against the Baffert Defendants, with pre- and post-suit interest thereon and other

appropriate monetary relief, including attorney fees, expenses, costs, and such other further relief as is just and proper, for their violations of federal RICO law;

c.   awarding injunctive relief enjoining the Baffert Defendants from engaging in any further racketeering acts;

d.   ordering the Baffert Defendants to divest themselves of any interest (direct or indirect) in any enterprise, and imposing reasonable restrictions on the Baffert Defendants' future activities in thoroughbred racing;

e.   requiring Defendants to pay the costs involved in notifying the Class Members about the judgment and administering the claims process;

f.   awarding damages against all Defendants, jointly and severally, together with pre- and post-suit interest thereon, for the common law fraud claims against them;

g.   awarding Plaintiffs reasonable costs and expenses incurred in this action, including but not limited to counsel fees and expert fees;

h.   ordering Defendants to pay to Plaintiff and the Class the amount they would have won, but for the illegal doping of Medina Spirit;

i.   awarding Plaintiff and the Class treble, consequential, and punitive damages; and

j.   awarding Plaintiff such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all appropriate issues raised in this Class Action Complaint.

//

//

//

class action complaint

DATED:  May 13, 2021             **GREEN & NOBLIN, P.C.**


                                 By:   /s/ Robert S. Green
                                       Robert S. Green

                                 James Robert Noblin
                                 Emrah M. Sumer
                                 2200 Larkspur Landing Circle, Ste. 101
                                 Larkspur, CA  94939
                                 Telephone: (415) 477-6700
                                 Facsimile: (415) 477-6710

                                 William B. Federman
                                 Oklahoma Bar No. 2853
                                 **FEDERMAN & SHERWOOD**
                                 10205 N. Pennsylvania Ave.
                                 Oklahoma City, OK 73120
                                 Telephone: (405) 235-1560
                                 Facsimile: (405) 239-2112
                                 Email:  wbf@federmanlaw.com

                                 Daniel P. Markoff
                                 Oklahoma Bar No. 14886
                                 **ATKINS MARKOFF ADLER**
                                 **LAW FIRM**
                                 9211 Lake Hefner Parkway, Ste. 104
                                 Oklahoma City, Oklahoma 73120
                                 Telephone: (405) 607-8757
                                 Facsimile: (405) 607-8749

                                 *Counsel for Plaintiffs and the Proposed*
                                 *Class*

**EXHIBIT 1**

# Comprehensive Ruling Report

## Rulings Against: BOB A BAFFERT

Legal Name: BOB A BAFFERT
Birth Date: 1/13/1953

### 61 Total Ruling(s) Listed

"Multiple medication violation points and point totals are for advisory and informational purposes only to indicate the existence of regulatory medication violation determinations made by racing regulatory entities in order to notify officials of possible aggravating factors that should be reviewed by officials prior to taking regulatory action. Confirmation of violations should be made directly with the racing regulatory entity responsible."

---

### Ruling #: 1

| | | | |
|---|---|---|---|
| Ruling Number: | 2020-OP-29 | Date: | 7/14/2020 |
| Issued By: | Arkansas Racing Commission | Facility: | Oaklawn Park |
| Ruling Type: | By Order of Commission/Administration | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | 7/14/2020 | Race Date: | N/A |
| Infraction Date: | 5/2/2020 | Infraction Faciliy: | Oaklawn Park |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | 8/1/2020 | Suspension End: | 8/15/2020 |

Actions:

---

Alpha Ruling: 2020-OP-29          Action Type: Initial Ruling          Issue Date: 7/14/2020
Action Text:

Trainer Bob Baffert is suspended for fifteen (15) days, Saturday, August 1, 2020 through and including Saturday, August 15, 2020 for violation of Arkansas Racing Commission Rule 1233. The trainer shall be responsible for and be the absolute insurer of the condition of an entry the trainer enters regardless of the acts of third parties.

---

### Ruling #: 2

| | | | |
|---|---|---|---|
| Ruling Number: | 2020-OP-28 | Date: | 7/14/2020 |
| Issued By: | Arkansas Racing Commission | Facility: | Oaklawn Park |
| Ruling Type: | By Order of Commission/Administration | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | 7/14/2020 | Race Date: | 5/2/2020 |
| Infraction Date: | 5/2/2020 | Infraction Faciliy: | Oaklawn Park |
| Race Number: | 7 | Animal Name: | Gamine |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |

ARCI Consolidated Live Rule Report

**Suspension Start:** None                    **Suspension End:** None

Actions:

---

**Alpha Ruling:** 2020-OP-28          **Action Type:** Initial Ruling          **Issue Date:** 7/14/2020

**Action Text:**

On report of Truesdail Laboratories Incorporated, the official testing laboratory of the Arkansas Racing Commission, that the sample taken from "Gamine", first place finisher in the seventh race, Saturday, May 2, 2020, contained the prohibited substance 3-hydroxlidocaine which is a class two (2) substance, included in the uniform classification guidelines for foreign substances, provided by the Association of Racing Commissioners International Incorporated. In violation of Arkansas Racing Commission Rule 1217(b) "Gamine" is disqualified and unplaced. The purse of the race is redistributed as follows: first, "Speech", second, "Queen Bridget", third, "Kiss the Girl", fourth, "A'int Elmers", fifth, "Bootytama", sixth, "Foreign Exchange", seventh, "Seahawk Lisa", eighth, "Black Kat Taps", ninth, "Roadrunner's Honor", tenth, "Orquidias Biz". Pari-mutuel wagering is not affected by this ruling.

---

## Ruling #: 3

| | | | |
|---|---|---|---|
| **Ruling Number:** | 2020-OP-27 | **Date:** | 7/14/2020 |
| **Issued By:** | Arkansas Racing Commission | **Facility:** | Oaklawn Park |
| **Ruling Type:** | By Order of Commission/Administration | | |
| **Division:** | Horse | **Breed:** | Thoroughbred |
| **Effective Date:** | 7/14/2020 | **Race Date:** | 7/2/2020 |
| **Infraction Date:** | 5/2/2020 | **Infraction Facility:** | Oaklawn Park |
| **Race Number:** | 11 | **Animal Name:** | Charlatan |
| **Under Appeal:** | False | **Appeal Date:** | N/A |
| **Fine Amount:** | $ 0 | **Fine Paid:** | N/A |
| **Suspension Start:** | None | **Suspension End:** | None |

Actions:

---

**Alpha Ruling:** 2020-OP-27          **Action Type:** Initial Ruling          **Issue Date:** 7/14/2020

**Action Text:**

On report of Truesdail Laboratories Incorporated, the official testing laboratory for the Arkansas Racing Commission, that the blood sample taken from "Charlatan", first place finisher in the eleventh race, Saturday May 2, 2020, contained the prohibited substance 3-hydroxylidocaine, which is a class two (2) substance, included in the uniform classification guidelines for foreign substances, provided by the Association of Racing Commissioners International Incorporated. In violation of Arkansas Racing Commission Rule 1217(b), "Charlatan" is disqualified and unplaced. The purse of the race is redistributed as follows: first, "Basin", second, "Gouverneur Morris", third, "Winning Impression", fourth, "Anneau d Or", fifth, "Crypto Cash, sixth, "Mo Mosa", seventh, "Jungle Runner", eighth, "My Friends Beer". Pari-mutuel wagering is not affected by this ruling.

---

## Ruling #: 4

| | | | |
|---|---|---|---|
| **Ruling Number:** | LATS008 | **Date:** | 1/20/2013 |
| **Issued By:** | California Horse Racing Board | **Facility:** | Los Angeles Turf Club |
| **Ruling Type:** | Failure to Have Horse Properly Shod | | |
| **Division:** | Horse | **Breed:** | Thoroughbred |

| | | | |
|---|---|---|---|
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 200 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

| | | | | | |
|---|---|---|---|---|---|
| Alpha Ruling: | LATS008 | Action Type: | Initial Ruling | Issue Date: | 1/20/2013 |

Action Text:

Trainer BOB BAFFERT is fined TWO HUNDRED DOLLARS ($200.00)* pursuant to California Horse Racing Board rule #1530 (Cases Not Covered by Rules and Regulations) for failure to have his horse "Lady Ten" properly shod for the eighth race at Santa Anita Park on January 19, 2013.

---

## Ruling #: 5

| | | | |
|---|---|---|---|
| Ruling Number: | 12705 | Date: | 10/10/2012 |
| Issued By: | Indiana Racing Commission | Facility: | Hoosier Park |
| Ruling Type: | Race Office/Track Rule Violation | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

| | | | | | |
|---|---|---|---|---|---|
| Alpha Ruling: | 12705 | Action Type: | Initial Ruling | Issue Date: | 10/10/2012 |

Action Text:

Trainer Bob Baffert is fined one hundred dollars ($100) for attempting to use blinkers on "Ellafitz" in the Tenth Race on October 6, 2012, that did not meet the minimum cup requirements of 1 1/2 inches, a violation of 71 IAC 7.5-6-1 (g).

---

## Ruling #: 6

| | | | |
|---|---|---|---|
| Ruling Number: | HRTH004 | Date: | 11/19/2011 |
| Issued By: | California Horse Racing Board | Facility: | Hollywood Park |
| Ruling Type: | Failure to Follow Facility Regulations | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |

| Fine Amount: | $ 100 | Fine Paid: | N/A |
|---|---|---|---|
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: HRTH004          Action Type: Initial Ruling          Issue Date: 11/19/2011

Action Text:

Trainer BOB BAFFERT is fined ONE HUNDRED DOLLARS ($100.00)* pursuant to California Horse Racing Board rule #1437 (Conditions of a Race Meeting-authorizing a workout while the horse ambulance was on the race track). *Rule 1532 - Fine shall be paid to the Paymaster within seven calendar days from the date of this ruling or the license of the person upon whom the fine has been imposed shall be suspended.

---

## Ruling #: 7

| Ruling Number: | DMTD045 | Date: | 8/25/2010 |
|---|---|---|---|
| Issued By: | California Horse Racing Board | Facility: | Del Mar |
| Ruling Type: | Failure to Follow Facility Regulations | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: DMTD045          Action Type: Initial Ruling          Issue Date: 8/25/2010

Action Text:

Trainer Bob Baffert is fined One Hundred Dollars*($100) for violation of California Horse Racing Board rule #1930 (Obedience to Security Officers and Public Safety Officers – parking violations). *Rule # 1532 – Fine shall be paid to the Paymaster within seven calendar days from the date of this ruling, or the person upon whom the fine is imposed shall be suspended.

---

## Ruling #: 8

| Ruling Number: | DMTD004 | Date: | 7/28/2010 |
|---|---|---|---|
| Issued By: | California Horse Racing Board | Facility: | Del Mar |
| Ruling Type: | Failure to Have Horse Properly Shod | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 200 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

**Alpha Ruling:** DMTD004          **Action Type:** Initial Ruling          **Issue Date:** 7/28/2010

**Action Text:**

Trainer BOB BAFFERT is fined two hundred dollars ($200.00)* pursuant to California Horse Racing Board rule 1555 (Duties of Horseshoe Inspector) for violation of California Horse Racing Board rule 1437 (Conditions of a Race Meeting – horse improperly shod for turf) before the running of the sixth race on July 23, 2010 at Del Mar Race Track. *Rule # 1532 – Fine shall be paid to the Paymaster within seven calendar days from the date of this ruling, or the person upon whom the fine is imposed shall be suspended

---

### Ruling #: 9

| | | | |
|---|---|---|---|
| **Ruling Number:** | LATS061 | **Date:** | 3/4/2010 |
| **Issued By:** | California Horse Racing Board | **Facility:** | Los Angeles Turf Club |
| **Ruling Type:** | Medication/Drug Violation - Animal | | |
| **Division:** | Horse | **Breed:** | Thoroughbred |
| **Effective Date:** | N/A | **Race Date:** | N/A |
| **Infraction Date:** | N/A | **Infraction Facility:** | N/A |
| **Race Number:** | N/A | **Animal Name:** | N/A |
| **Under Appeal:** | False | **Appeal Date:** | N/A |
| **Drug:** | Flunixin | | |
| **Fine Amount:** | $ 1000 | **Fine Paid:** | N/A |
| **Suspension Start:** | None | **Suspension End:** | None |

Actions:

---

**Alpha Ruling:** LATS061          **Action Type:** Initial Ruling          **Issue Date:** 3/4/2010

**Action Text:**

Trainer ROBERT "BOB" BAFFERT, who started the horse "Mother Ruth", the fifth place finisher in the third race at Santa Anita Race Track on January 7, 2010, is fined ONE THOUSAND DOLLARS ($1,000.00)* pursuant to California Horse Racing Board rule #1887 (Trainer to Insure Condition of Horse) for violation of California Horse Racing Board rule #1844 (c) (2) (Authorized Medication – Flunixin in excess of permitted level – 1st offense). *Rule #1532. Fine shall be paid to the Paymaster within seven calendar days from the date of this ruling, or the license of the person upon whom the fine has been imposed shall be suspended.

---

### Ruling #: 10

| | | | |
|---|---|---|---|
| **Ruling Number:** | DMTD034 | **Date:** | 8/23/2009 |
| **Issued By:** | California Horse Racing Board | **Facility:** | Del Mar |
| **Ruling Type:** | Failure to Properly Identify/Present Horse or Greyhound | | |
| **Division:** | Horse | **Breed:** | Thoroughbred |
| **Effective Date:** | N/A | **Race Date:** | N/A |
| **Infraction Date:** | N/A | **Infraction Facility:** | N/A |
| **Race Number:** | N/A | **Animal Name:** | N/A |
| **Under Appeal:** | False | **Appeal Date:** | N/A |

| Fine Amount: | $ 100 | Fine Paid: | N/A |
|---|---|---|---|
| Suspension Start: | None | Suspension End: | None |

Actions:

---

**Alpha Ruling:** DMTD034     **Action Type:** Initial Ruling     **Issue Date:** 8/23/2009

Action Text:

Trainer BOB BAFFERT is fined ONE HUNDRED DOLLARS ($100)* for violation of California Horse Racing Board rules #1852(Reporting to Receiving Barn) and #1894(Duties of Trainer) with his horse RICHARD'S KID in the eighth race at Del Mar Thoroughbred Club on August 5, 2009. *Rule # 1532 – Fine shall be paid to the Paymaster within seven calendar days from the date of this ruling, or the person upon whom the fine is imposed shall be suspended.

---

### Ruling #: 11

| Ruling Number: | HRTH028 | Date: | 5/28/2009 |
|---|---|---|---|
| Issued By: | California Horse Racing Board | Facility: | Hollywood Park |
| Ruling Type: | Failure to Properly Identify/Present Horse or Greyhound | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

**Alpha Ruling:** HRTH028     **Action Type:** Initial Ruling     **Issue Date:** 5/28/2009

Action Text:

Trainer BOB BAFFERT, is fined ONE HUNDRED DOLLARS ($100.00)* for violation of California Horse Racing Board rules #1852 (Reporting to Receiving Barn Late) and #1894 (Duties of Trainer) with his horse "Underground" in the fourth race on May 16, 2009. *Rule 1532 - Fine shall be paid to the Paymaster within seven calendar days from the date of this ruling or the license of the person upon whom the fine has been imposed shall be suspended.

---

### Ruling #: 12

| Ruling Number: | LATS009 | Date: | 1/9/2009 |
|---|---|---|---|
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Failure to Properly Identify/Present Horse or Greyhound | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |

| | | | |
|---|---|---|---|
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: LATS009     Action Type: Initial Ruling     Issue Date: 1/9/2009

Action Text:

Trainer BOB BAFFERT is fined ONE HUNDRED DOLLARS ($100.00)* for violation of California Horse Racing Board rules #1852 (Reporting to the Receiving Barn – Late) and #1894 (Duties of a Trainer) with his horse "Grecian" in the fifth race on January 2, 2009 at Santa Anita Park. *Rule #1532. Fine shall be paid to the Paymaster within seven calendar days from the date of this ruling, or the license of the person upon whom the fine has been imposed shall be suspended.

---

## Ruling #: 13

| | | | |
|---|---|---|---|
| Ruling Number: | OTTS021 | Date: | 10/19/2007 |
| Issued By: | California Horse Racing Board | Facility: | Oak Tree At Santa Anita |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Furosemide | | |
| Fine Amount: | $ 300 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: OTTS 021     Action Type: Initial Ruling     Issue Date: 10/19/2007

Action Text:

Trainer BOB BAFFERT is fined the sum of THREE HUNDRED DOLLARS ($300.00)* pursuant to California Horse Racing Board rule #1629 (Penalty for Late Declaration) for failure to have the horse Stormy Woods treated with Lasix in a timely fashion necessitating a late scratch on Saturday October 13, 2007; a violation of California Horse Racing Board rule #1845 (Authorized Bleeder Medication). *Rule #1532. Fine shall be paid to the Paymaster within seven calendar days from the date of this ruling, or the license of the person upon whom the fine has been imposed shall be suspended.

---

## Ruling #: 14

| | | | |
|---|---|---|---|
| Ruling Number: | DMTD094 | Date: | 8/26/2006 |
| Issued By: | California Horse Racing Board | Facility: | Del Mar |
| Ruling Type: | Failure to Follow Facility Regulations | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |

| | | | |
|---|---|---|---|
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 25 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

**Alpha Ruling:** DMTD094     **Action Type:** Initial Ruling     **Issue Date:** 8/26/2006

**Action Text:**

Trainer BOB BAFFERT is hereby fined twenty five dollars ($25.00)* for violation of stable area regulations pursuant to California Horse Racing Board Rule #1530 (Cases Not Covered by Rules and Regulations). *Rule # 1532 – Fine shall be paid to the Paymaster within seven calendar days from the date of this ruling, or the person upon whom the fine is imposed shall be suspended

---

### Ruling #: 15

---

| | | | |
|---|---|---|---|
| Ruling Number: | 001 | Date: | 6/4/2006 |
| Issued By: | Kentucky Racing Commission | Facility: | Churchill Downs |
| Ruling Type: | Failure to Follow Facility Regulations | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 500 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

**Alpha Ruling:** 001     **Action Type:** Initial Ruling     **Issue Date:** 6/4/2006

**Action Text:**

Fined for interfering with and failure to obey the orders of security personal in the tunnel between the track and the paddock and in the paddock before the 10th race on May 6,2006.

---

### Ruling #: 16

---

| | | | |
|---|---|---|---|
| Ruling Number: | 01-036 | Date: | 3/24/2005 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Appeal/Stay Granted | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

Alpha Ruling: 01-036                    Action Type: Initial Ruling                    Issue Date: 3/24/2005

Action Text:

APPEAL IS SUSTAINED AND COMPLAINT IS DISMISSED.

---

### Ruling #: 17

| | | | |
|---|---|---|---|
| Ruling Number: | 44010 | Date: | 8/6/2004 |
| Issued By: | Iowa Racing Commission | Facility: | Prairie Meadows |
| Ruling Type: | Trainer Responsibility | | |
| Division: | Mixed | Breed: | Mixed |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: 44010                    Action Type: Initial Ruling                    Issue Date: 8/6/2004

Action Text:

ON JULY 2, 2004, THE ASSISTANT TRAINER REPRESENTING TRAINER ROBERT BAFFERT, SUBMITTED A PROPERLY EXECUTED TEMPORARY OWNERS LICENSE APPLICATION ON BEHALF OF THE ABSENTEE OWNER AUDRY HAISFIELD (NEVER TELL FARM). IN DOING SO, TRAINER ROBERT BAFFERT ACKNOWLEDGED ACCEPTANCE OF THE RESPONSIBILITY TO NOTIFY THE ABSENTEE OWNER OF THE CONDITIONS OF TEMPORARY LICENSURE, AND TRAINER ROBERT BAFFERT FURTHER UNDERSTOOD THAT SHOULD THE OWNER FAIL TO OBTAIN A PERMANENT LICENSE WITHIN 15 CALENDAR DAYS, TRAINER ROBERT BAFFERT WOULD BE SUBJECT TO A FINE, SUSPENSION, OR BOTH. AUDRY HAISFIELD (NEVER TELL FARM) WAS ISSUED A TEMPORARY LICENSE ON JULY 2, 2004, WHICH EXPIRED ON JULY 19, 2004. AUDRY HAISFIELD (NEVER TELL FARM) HAS FAILED TO OBTAIN A PERMANENT LICENSE WITH THE DESIGNATED 15 CALENDAR DAYS, THEREFORE, TRAINER ROBERT BAFFERT IS HEREBY ASSESSED AN ADMINISTRATIVE PENALTY OF ONE HUNDRED DOLLARS ($100.00).

---

### Ruling #: 18

| | | | |
|---|---|---|---|
| Ruling Number: | CDTH109 | Date: | 6/24/2004 |
| Issued By: | California Horse Racing Board | Facility: | Hollywood Park |
| Ruling Type: | Failure to Have Horse Properly Shod | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

Alpha Ruling: CDTH109          Action Type: Initial Ruling          Issue Date: 6/24/2004
Action Text:
IMPROPERLY SHOD FOR TURF COURSE.

## Ruling #: 19

| | | | |
|---|---|---|---|
| Ruling Number: | 12552 | Date: | 3/28/2003 |
| Issued By: | Louisiana Racing Commission | Facility: | Fair Grounds |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Clenbuterol (Thoroughbred) | | |
| Fine Amount: | $ 1000 | Fine Paid: | Yes |
| Suspension Start: | None | Suspension End: | None |

Actions:

Alpha Ruling: 12552          Action Type: Initial Ruling          Issue Date: 3/28/2003
Action Text:
CLENBUTEROL, "KAFWAIN," 9TH RACE, 3/9. Horse disqualified.

## Ruling #: 20

| | | | |
|---|---|---|---|
| Ruling Number: | LATS046 | Date: | 2/9/2003 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Failure to Properly Identify/Present Horse or Greyhound | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

Alpha Ruling: LATS 046          Action Type: Initial Ruling          Issue Date: 2/9/2003
Action Text:
LATE TO THE RECEIVING BARN.

ARCI Other Compulsive Rulings Report

## Ruling #: 21

| | | | |
|---|---|---|---|
| Ruling Number: | DMTD094 | Date: | 9/8/2002 |
| Issued By: | California Horse Racing Board | Facility: | Del Mar |
| Ruling Type: | Failure to Properly Identify/Present Horse or Greyhound | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

| | | | |
|---|---|---|---|
| Alpha Ruling: DMTD094 | Action Type: Initial Ruling | | Issue Date: 9/8/2002 |
| Action Text: | | | |

FAILED TO REPORT TO THE RECEIVING BARN BY THE PRESCRIBED TIME.

## Ruling #: 22

| | | | |
|---|---|---|---|
| Ruling Number: | LATS221 | Date: | 4/12/2002 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Phenylbutazone | | |
| Fine Amount: | $ 500 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

| | | | |
|---|---|---|---|
| Alpha Ruling: LATS221 | Action Type: Initial Ruling | | Issue Date: 4/12/2002 |
| Action Text: | | | |

PHENYLBUTAZONE, "OFFICER," 2ND RACE, 11/3 -- SECOND OFFENSE.

## Ruling #: 23

| | | | |
|---|---|---|---|
| Ruling Number: | LATS208 | Date: | 3/27/2002 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Medication/Drug | | |

Violation - Animal

| | | | |
|---|---|---|---|
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Phenylbutazone | | |
| Fine Amount: | $ 300 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: LATS208          Action Type: Initial Ruling          Issue Date: 3/27/2002
Action Text:

PHENYLBUTAZONE, "FAVORITE FUNTIME," 8TH RACE, 2/17, WINNER.

---

### Ruling #: 24

| | | | |
|---|---|---|---|
| Ruling Number: | LAFP008 | Date: | 9/14/2001 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles County Fair (Fairplex) |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Dexamethasone | | |
| Fine Amount: | $ 300 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: LAFP008          Action Type: Initial Ruling          Issue Date: 9/14/2001
Action Text:

DEXAMETHASONE, "KINSHASA," 3RD RACE, 8/4.

---

### Ruling #: 25

| | | | |
|---|---|---|---|
| Ruling Number: | SAC01-36 | Date: | 6/19/2001 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Appeal/Stay Denied, Withdrawn, or Waived | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |

| | | | |
|---|---|---|---|
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

Alpha Ruling: SAC 01-36     Action Type: Initial Ruling     Issue Date: 6/19/2001

Action Text:

RE: 6/16 (#CDTH 073) -- STAY DENIED.

---

## Ruling #: 26

| | | | |
|---|---|---|---|
| Ruling Number: | CDTH073 | Date: | 6/16/2001 |
| Issued By: | California Horse Racing Board | Facility: | Hollywood Park |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Morphine | | |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | 6/16/2001 | Suspension End: | 8/17/2001 |
| Actions: | | | |

---

Alpha Ruling: CDTH 073     Action Type: Initial Ruling     Issue Date: 6/16/2001

Action Text:

MORPHINE - NAUTICAL LOOK, WINNER 7TH RACE, HOLLYWOOD PARK, 5-3-00

---

## Ruling #: 27

| | | | |
|---|---|---|---|
| Ruling Number: | DMTD052 | Date: | 9/4/1999 |
| Issued By: | California Horse Racing Board | Facility: | Del Mar |
| Ruling Type: | Race Office/Track Rule Violation | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 300 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

Alpha Ruling: DMTD052          Action Type: Initial Ruling          Issue Date: 9/4/1999
Action Text:
VIOLATION OF TRACK POLICY WITH RESPECT TO TURF WORKOUTS.

---

## Ruling #: 28

| | | | |
|---|---|---|---|
| Ruling Number: | DMTD048 | Date: | 8/31/1998 |
| Issued By: | California Horse Racing Board | Facility: | Del Mar |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 200 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

Alpha Ruling: DMTD048          Action Type: Initial Ruling          Issue Date: 8/31/1998
Action Text:
98DM0036/NO LASIX/S6620

---

## Ruling #: 29

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65688 | Date: | 6/11/1998 |
| Issued By: | Texas Racing Commission | Facility: | Lone Star Park |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Phenylbutazone | | |
| Fine Amount: | $ 250 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

Alpha Ruling: *N*65688          Action Type: Initial Ruling          Issue Date: 6/11/1998
Action Text:
EXCESS PHENYLBUTAZONE (2ND OFFENSE).

---

## Ruling #: 30

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65687 | Date: | 5/7/1998 |

| | | | |
|---|---|---|---|
| Issued By: | Texas Racing Commission | Facility: | Lone Star Park |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Phenylbutazone | | |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

| | | | | | |
|---|---|---|---|---|---|
| Alpha Ruling: | *N*65687 | Action Type: | Initial Ruling | Issue Date: | 5/7/1998 |

Action Text:

EXCESS PHENYLBUTAZONE.

---

## Ruling #: 31

| | | | |
|---|---|---|---|
| Ruling Number: | LATS002 | Date: | 12/27/1996 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Race Office/Track Rule Violation | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 200 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

| | | | | | |
|---|---|---|---|---|---|
| Alpha Ruling: | LATS002 | Action Type: | Initial Ruling | Issue Date: | 12/27/1996 |

Action Text:

FAIL TO REG HORSE AS BLEEDER

---

## Ruling #: 32

| | | | |
|---|---|---|---|
| Ruling Number: | LATS074 | Date: | 3/15/1995 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Failure to Conduct Business in Proper Manner | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |

| | | | |
|---|---|---|---|
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: LATS074　　　　　Action Type: Initial Ruling　　　　　Issue Date: 3/15/1995

Action Text:

FAIL CONDUCT BUSINESS PROPERLY

---

## Ruling #: 33

| | | | |
|---|---|---|---|
| Ruling Number: | LATS069 | Date: | 2/9/1994 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Phenylbutazone | | |
| Fine Amount: | $ 750 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: LATS 069　　　　　Action Type: Initial Ruling　　　　　Issue Date: 2/9/1994

Action Text:

$750 AND PROBATION THRU 8-31-94 - EXCESS BUTE FOUND IN SAMPLES TAKEN FROM "NORTHERN WOOL" AFTER THE 5TH RACE ON 1-15 AND "DANZIG WITHOUT" AFTER THE 1ST RACE ON 1-20.

---

## Ruling #: 34

| | | | |
|---|---|---|---|
| Ruling Number: | LATS015 | Date: | 1/7/1994 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Phenylbutazone | | |
| Fine Amount: | $ 300 | Fine Paid: | N/A |

Suspension Start: None                    Suspension End: None

Actions:

---

Alpha Ruling: LATS 015          Action Type: Initial Ruling          Issue Date: 1/7/1994

Action Text:

$300 - EXCESS BUTE FOUND IN SAMPLE TAKEN FROM "DATSDAWAYITIS" AFTER THE 3RD RACE ON 12-4.

---

### Ruling #: 35

| | | | |
|---|---|---|---|
| Ruling Number: | LATS005 | Date: | 12/31/1992 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Failure to Properly Identify/Present Horse or Greyhound | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 50 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: LATS005          Action Type: Initial Ruling          Issue Date: 12/31/1992

Action Text:

HORSE ON GROUNDS LATE

---

### Ruling #: 36

| | | | |
|---|---|---|---|
| Ruling Number: | LATS098 | Date: | 2/7/1992 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Glycopyrrolate | | |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: LATS098          Action Type: Initial Ruling          Issue Date: 2/7/1992

Action Text:

POS GLYCOPYRROLATE-91SA0373

---

### Ruling #: 37

| | | | |
|---|---|---|---|
| Ruling Number: | LATS09 | Date: | 2/7/1992 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Glycopyrrolate | | |
| Fine Amount: | $ 1000 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

Alpha Ruling: LATS09     Action Type: Initial Ruling     Issue Date: 2/7/1992

Action Text:

$1,000, 30 DAYS (15 STAYED AND SHALL SERVE 15 FROM 2-12 THRU 2-26) AND PROBATION THRU 12-31-92 - GLYCOPYRROLATE FOUND IN SAMPLE TAKEN FROM "GEE MARCUS," WINNER OF THE 2ND RACE ON 11-17.

---

### Ruling #: 38

| | | | |
|---|---|---|---|
| Ruling Number: | LATS010 | Date: | 1/3/1992 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Race Office/Track Rule Violation | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

Alpha Ruling: LATS010     Action Type: Initial Ruling     Issue Date: 1/3/1992

Action Text:

LATE DECLARATION

---

### Ruling #: 39

| | | | |
|---|---|---|---|
| Ruling Number: | LATS01 | Date: | 1/3/1992 |

| Issued By: | California Horse Racing Board | Facility: | Unknown |
|---|---|---|---|
| Ruling Type: | Race Office/Track Rule Violation | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

| Alpha Ruling: LATS01 | Action Type: Initial Ruling | Issue Date: 1/3/1992 |
|---|---|---|

Action Text:

$100 - VIOLATION OF CHRB RULE #1629 (PENALTY FOR LATE DECLARATION).

## Ruling #: 40

| Ruling Number: | HQQL034 | Date: | 12/12/1990 |
|---|---|---|---|
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Trainer Responsibility | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

| Alpha Ruling: HQQL034 | Action Type: Initial Ruling | Issue Date: 12/12/1990 |
|---|---|---|

Action Text:

LASIX SECURITY VIO. #90LA0288

## Ruling #: 41

| Ruling Number: | DMTD125 | Date: | 9/7/1990 |
|---|---|---|---|
| Issued By: | California Horse Racing Board | Facility: | Del Mar |
| Ruling Type: | Race Office/Track Rule Violation | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |

| | | | |
|---|---|---|---|
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 200 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

Alpha Ruling: DMTD125　　　Action Type: Initial Ruling　　　Issue Date: 9/7/1990

Action Text:

$200 - (PENALTY FOR LATE DECLARATION).

---

## Ruling #: 42

| | | | |
|---|---|---|---|
| Ruling Number: | DMTD033 | Date: | 8/11/1990 |
| Issued By: | California Horse Racing Board | Facility: | Del Mar |
| Ruling Type: | Failure to Follow Facility Regulations | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

Alpha Ruling: DMTD033　　　Action Type: Initial Ruling　　　Issue Date: 8/11/1990

Action Text:

ILLEGAL PARKING

---

## Ruling #: 43

| | | | |
|---|---|---|---|
| Ruling Number: | HQQL028 | Date: | 10/5/1989 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Procaine | | |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

Alpha Ruling: HQQL028　　　Action Type: Initial Ruling　　　Issue Date: 10/5/1989

Action Text:

MEDICATION- PROCAINE

---

### Ruling #: 44

| | | | |
|---|---|---|---|
| Ruling Number: | LATS135 | Date: | 4/23/1989 |
| Issued By: | California Horse Racing Board | Facility: | Los Angeles Turf Club |
| Ruling Type: | Race Office/Track Rule Violation | | |
| Division: | Horse | Breed: | Thoroughbred |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 100 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: LATS135          Action Type: Initial Ruling          Issue Date: 4/23/1989

Action Text:

BLEEDER LIST-LATE REGISTRATION

---

### Ruling #: 45

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65665 | Date: | 7/9/1988 |
| Issued By: | California Horse Racing Board | Facility: | Los Alamitos |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: *N*65665          Action Type: Initial Ruling          Issue Date: 7/9/1988

Action Text:

$300 - UNAUTHORIZED MEDICATION (TRIMETHOPRIM, COUGH MEDICATION). (H)

---

### Ruling #: 46

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65683 | Date: | 12/8/1987 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |

| Ruling Type: | Medication/Drug<br>Violation - Animal | | |
|---|---|---|---|
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

| Alpha Ruling: *N*65683 | Action Type: Initial Ruling | Issue Date: 12/8/1987 |
|---|---|---|

Action Text:

$200 - VIOLATION OF RULE 1843(D) (MEDICATION - EXCESS BUTE).

---

### Ruling #: 47

| Ruling Number: | *N*65666 | Date: | 9/16/1987 |
|---|---|---|---|
| Issued By: | California Horse<br>Racing Board | Facility: | Hollywood Park |
| Ruling Type: | Race Office/Track<br>Rule Violation | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

| Alpha Ruling: *N*65666 | Action Type: Initial Ruling | Issue Date: 9/16/1987 |
|---|---|---|

Action Text:

$200 - VIOLATION OF RULE 1629 (PENALTY FOR LATE DECLARATION).

---

### Ruling #: 48

| Ruling Number: | *N*65667 | Date: | 8/26/1987 |
|---|---|---|---|
| Issued By: | California Horse<br>Racing Board | Facility: | Hollywood Park |
| Ruling Type: | Medication/Drug<br>Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |

Drug:                Phenylbutazone

Fine Amount:         $ 0                    Fine Paid:          N/A

Suspension Start:    None                   Suspension End:     None

Actions:

---

Alpha Ruling: *N*65667          Action Type: Initial Ruling          Issue Date: 8/26/1987
Action Text:
$200 - HORSE "TRICHENG" HAD EXCESS OF BUTE IN 6TH RACE ON 8-6.

---

## Ruling #: 49

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65684 | Date: | 3/23/1986 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: *N*65684          Action Type: Initial Ruling          Issue Date: 3/23/1986
Action Text:
$500 AND PLACED ON PROBATION THRU 4-20 - VIOLATION OF RULE 1843(D) (MEDICATION IN EXCESS OF PERMITTED LEVEL).

---

## Ruling #: 50

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65679 | Date: | 3/14/1986 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

Alpha Ruling: *N*65679          Action Type: Initial Ruling          Issue Date: 3/14/1986
Action Text:

$300 - VIOLATION OF RULE 1843(D) (MEDICATION IN EXCESS OF PERMITTED LEVEL).

---

## Ruling #: 51

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65668 | Date: | 3/2/1986 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

| Alpha Ruling: *N*65668 | Action Type: Initial Ruling | Issue Date: 3/2/1986 |
|---|---|---|

Action Text:
$200 - VIOLATION OF RULE 1843(D) (MEDICATION IN EXCESS OF PERMITTED LEVEL).

---

## Ruling #: 52

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65669 | Date: | 3/30/1985 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

---

| Alpha Ruling: *N*65669 | Action Type: Initial Ruling | Issue Date: 3/30/1985 |
|---|---|---|

Action Text:
$200 - VIOLATION OF RULE 1844(C-1)(HIGH BUTE).

---

## Ruling #: 53

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65680 | Date: | 6/26/1984 |
| Issued By: | California Horse Racing Board | Facility: | Los Alamitos |
| Ruling Type: | Trainer Responsibility | | |

| Division: | Unknown | Breed: | Unknown |
|---|---|---|---|
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

**Alpha Ruling:** *N*65680    **Action Type:** Initial Ruling    **Issue Date:** 6/26/1984

**Action Text:**

$50 - FAILURE TO KEEP DETENTION STALL OF AN ENTERED REGISTERED BLEEDER UNDER SURVEILLANCE.

---

## Ruling #: 54

| Ruling Number: | *N*65671 | Date: | 11/5/1983 |
|---|---|---|---|
| Issued By: | Arizona Department of Racing | Facility: | Turf Paradise |
| Ruling Type: | Trainer Responsibility | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

**Alpha Ruling:** *N*65671    **Action Type:** Initial Ruling    **Issue Date:** 11/5/1983

**Action Text:**

$100 - FAILURE TO SUBMIT TRAINER RESPONSIBILITY FORM FOR THE HORSE DOUBLE SASSEY.

---

## Ruling #: 55

| Ruling Number: | *N*65670 | Date: | 11/5/1983 |
|---|---|---|---|
| Issued By: | Arizona Department of Racing | Facility: | Turf Paradise |
| Ruling Type: | Trainer Responsibility | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Facility: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

Alpha Ruling: *N*65670          Action Type: Initial Ruling          Issue Date: 11/5/1983
Action Text:
$100 - FAILURE TO SUBMIT TRAINER RESPONSIBILITY FORM FOR THE HORSE STRAW MAN JET.

---

### Ruling #: 56

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65681 | Date: | 11/2/1983 |
| Issued By: | Arizona Department of Racing | Facility: | Turf Paradise |
| Ruling Type: | Failure to Properly Identify/Present Horse or Greyhound | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

Alpha Ruling: *N*65681          Action Type: Initial Ruling          Issue Date: 11/2/1983
Action Text:
$100 - FAILURE TO BRING HORSE TO PADDOCK.

---

### Ruling #: 57

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65672 | Date: | 10/10/1983 |
| Issued By: | Arizona Department of Racing | Facility: | Turf Paradise |
| Ruling Type: | Employment Violation | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |
| Actions: | | | |

Alpha Ruling: *N*65672          Action Type: Initial Ruling          Issue Date: 10/10/1983
Action Text:
$50 - WORKING UNLICENSED HELP.

---

### Ruling #: 58

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65673 | Date: | 11/11/1981 |

| | | | | |
|---|---|---|---|---|
| Issued By: | Arizona Department of Racing | Facility: | Rillito | |
| Ruling Type: | Race Office/Track Rule Violation | | | |
| Division: | Unknown | Breed: | Unknown | |
| Effective Date: | N/A | Race Date: | N/A | |
| Infraction Date: | N/A | Infraction Faciliy: | N/A | |
| Race Number: | N/A | Animal Name: | N/A | |
| Under Appeal: | False | Appeal Date: | N/A | |
| Fine Amount: | $ 0 | Fine Paid: | N/A | |
| Suspension Start: | None | Suspension End: | None | |

Actions:

---

| Alpha Ruling: *N*65673 | Action Type: Initial Ruling | Issue Date: 11/11/1981 |
|---|---|---|

Action Text:

$50 - FAILURE TO HAVE OWNER OF HORSE PROPERLY LICENSED AT TIME OF ENTRY.

---

### Ruling #: 59

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65685 | Date: | 1/12/1978 |
| Issued By: | California Horse Racing Board | Facility: | Unknown |
| Ruling Type: | By Order of Commission/Administration | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

| Alpha Ruling: *N*65685 | Action Type: Initial Ruling | Issue Date: 1/12/1978 |
|---|---|---|

Action Text:

RE: RULING OF 8-22-77: UPON CONCLUSION OF THE PERIOD OF ONE YEAR FROM 8-22-77 AND THERE BEING NO ADDITIONAL CAUSE FOR SUSPENSION OR DENIAL OF LICENSE, ELIGIBLE FOR TRAINER LICENSE.

---

### Ruling #: 60

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65677 | Date: | 8/22/1977 |
| Issued By: | California Horse Racing Board | Facility: | Sacramento |
| Ruling Type: | Medication/Drug Violation - Animal | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |

| | | | |
|---|---|---|---|
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Drug: | Apomorphine | | |
| Drug: | Morphine | | |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

| | | | |
|---|---|---|---|
| Alpha Ruling: | *N*65677 | Action Type: Initial Ruling | Issue Date: 8/22/1977 |

Action Text:

SUSPENDED, CASE REFERRED PURSUANT TO RULE #1845 (PROHIBITED DRUGS--APOMORPHINE) AND #1887 (TRAINER TO INSURE CONDITION OFHORSE).

---

### Ruling #: 61

| | | | |
|---|---|---|---|
| Ruling Number: | *N*65674 | Date: | 2/10/1975 |
| Issued By: | Arizona Department of Racing | Facility: | Rillito |
| Ruling Type: | Careless/Unsafe/Improper Riding or Driving | | |
| Division: | Unknown | Breed: | Unknown |
| Effective Date: | N/A | Race Date: | N/A |
| Infraction Date: | N/A | Infraction Faciliy: | N/A |
| Race Number: | N/A | Animal Name: | N/A |
| Under Appeal: | False | Appeal Date: | N/A |
| Fine Amount: | $ 0 | Fine Paid: | N/A |
| Suspension Start: | None | Suspension End: | None |

Actions:

---

| | | | |
|---|---|---|---|
| Alpha Ruling: | *N*65674 | Action Type: Initial Ruling | Issue Date: 2/10/1975 |

Action Text:

7 CALENDAR DAYS THRU 2-16 FOR CARELESS RIDING.